FILED
2005 Feb-09 AM 09:56
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| DEBBIE DEAVERS STURVISANT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No._____ |
| ) | |
| DILLARD'S, Inc. ) | |
| ) | |
| Defendant. ) | |
| ) | |

## COMPLAINT

Plaintiff brings this action against Dillard's, Inc., and pursuant to her investigation, upon individual knowledge as to her own experiences and otherwise upon information and belief, for her Complaint alleges as follows:

### I. JURSIDICTIONAL ALLEGATIONS

1.  Plaintiff Debbie Deavers Sturvisant is a resident of Springville, Alabama.

2.  Defendant Dillard's, Inc. ("Dillard's") is a Delaware Corporation with its principal place of business in Little Rock, Arkansas.

3.  Dillard's owns and operates retail department stores throughout the United States.

4.  A substantial number of the events or omissions which gave rise to Plaintiff's claims took place in Tuscaloosa County, Alabama.

5.  Federal jurisdiction exists with respect to the Federal claim pursuant to 28 U.S.C. §§ 1331, 1343(a)(1)-(4), 2201, 2202 and 42 U.S.C §§ 1981 and 1982.

6. The Court has supplemental jurisdiction of all remaining claims pursuant to 28 U.S.C. § 1367.

## II. NATURE OF THE CASE

7. This Action seeks redress for a fraudulent scheme and common course of conduct involving racial discrimination, deceptive sales practices, and unconscionable conduct by Dillard's relating to the marketing and sale of salon services. As used in this Complaint, these salon services specifically include, but are in no way limited to, the service referred to as "wash and set."

8. Plaintiff seeks injunctive and equitable relief, compensatory damages, punitive damages and other remedies for Dillard's unlawful, unconscionable and racially discriminatory conduct described herein in connection with the sale of its salon services and the training of its employees and agents in the sale of its salon services.

9. Dillard's has maintained a fraudulent, unlawful and unconscionable scheme in order to increase it own revenues and profitability by utilizing racially discriminatory dual pricing schedules for salon services.

10. On information and belief, Dillard's charges significantly more for the same salon service, using the same products, for African-American customers than that charged for Caucasian customers. For example, the prices charged by Dillard's for salon service of a "wash and set" are based solely on whether the customer is Caucasian or "ethnic".

11. At all times in advertising and selling these salon services, Dillard's and its agents have known that they charge a higher price to African-Americans for the same

service as that charged to Caucasians for the same service and did not disclose this fact to Plaintiff or other African-Americans prior to providing the service and products.

12. The discriminatory sales practices described herein have resulted in an increase in revenue and profits for Dillard's salons.

### III. FACTUAL ALLEGATIONS

13. Debbie Sturvisant is an African-American woman and a resident of Springville, Alabama.

14. Debbie Sturivsant went to the Dillard's Salon located in Tuscaloosa, Alabama, to have her hair washed, rolled and dried. This service is commonly referred to as a "wash and set."

15. Debbie Sturvisant was charged and paid $35 for a "wash and set." This was the price charged for "ethnic" hair.

16. The price charged for the same service for customers with Caucasian hair was only $20.00.

17. Dillard's has a nationwide policy to charge African-Americans higher prices for the same salon services than those charged to Caucasian customers, based solely on whether the customer was African-American or Caucasian.

18. On information and belief, Dillard's discriminated against Debbie Sturvisant with respect to the prices charged for the wash and set service.

19. Defendant Dillard's concealed its actions and its discriminatory and illegal practice from the Plaintiff. As a result of said concealment, Plaintiff could not and did not discover this discriminatory and illegal behavior until shortly before the filing of this lawsuit.

20. Dillard's consistent course of discriminatory conduct constitutes a continuing violation of Plaintiff's federal statutory rights.

21. These allegations are one of several different allegations of discrimination brought against Dillard's suggesting a corporate culture of discrimination. In *Hampton and Cooper v. Dillard's*, African-American plaintiffs alleged that they were denied free cologne samples because of their race. Evidence presented at trial included testimony that Dillard's "tracked" African-Americans after they entered the store, used race "codes" that highlighted African-American shoppers as suspicious and generated store incident reports differentiating shoppers primarily by race. The Texas Chapter of the National Association for the Advancement of Colored People passed a resolution criticizing Dillard's for racial profiling. In 2001, Dillard's agreed to settle discrimination complaints by Kansas and Missouri employees. In a Texas lawsuit, Dillard's agreed to pay an undisclosed amount to the family of an African-American customer who died after being beaten and hogtied at a store while being arrested. Finally, in *Dotson, Barbee, and Jackson, individually and on behalf of all others similarly situated vs. Dillard's, Inc.*, 3:04-0252 (U.S. District Court, Middle District of Tennessee, 2004), current and former African-American hair stylists at Dillard's Salon and Day Spa have filed suit regarding Dillard's alleged continuing systemic racial discrimination in post-employment hiring practices through discriminatory terms and condition of employment and existence and perpetuation of a racially hostile work environment.

## COUNT 1

### (Racial Discrimination – 42 USC § 1981)

22. Plaintiff repeats, realleges, and incorporates herein by reference paragraphs 5 through 21 above as if fully set forth herein.

23. Dillard's intentionally discriminated against Plaintiff by charging her higher prices for the same salon services as those charged to similarly situated Caucasian customers and by specifically instructing their employees and agents to charge different prices for the same salon services based solely on whether the customer was African-American or Caucasian.

24. By charging higher prices to African-Americans for the same salon services offered to Caucasian customers, Dillard's violated the rights of Plaintiff to make and enforce contracts for products and services on the same terms as Caucasian customers.

25. Dillard's actions violate 42 U.S.C. § 1981, as well as the rights of Plaintiff under the Fifth, Thirteenth, and Fourteenth Amendments of the Constitution of the United States.

26. Dillard's has damaged Plaintiff because Plaintiff has suffered economic loss and mental anguish as a result of Dillard's illegal racial discrimination.

## COUNT II

### (Failure to Monitor Actions of Agents and Employees)

27. Plaintiff repeats, realleges and incorporates herein by reference, paragraphs 5 through 26 above as if fully set forth herein.

28. At the time the acts complained of were performed, Dillard's agents and employees were not competent, qualified or capable of protecting the interests of Dillard's customers in regard to the illegal and discriminatory dual pricing system for similar salon services and products.

29. Dillard's knew or should have known that its agents and/or employees were effectuating a racially discriminatory dual pricing system in its individual stores.

30. Dillard's had a duty to monitor and/or supervise the activities of its agents and/or employees.

31. Dillard's intentionally, knowingly, recklessly and/or negligently failed to monitor the actions of its agents and employees and to train its agents and employees to refrain from racial discrimination in providing and pricing services.

32. Dillard's knew or should have known about the agent and employees racially discriminatory dual pricing policy but nonetheless employed and continued to employ them.

33. Dillard's authorized the wrongful acts of its agents and employees in accepting moneys charged for the services and products provided.

34. The racially discriminatory practices complained of benefited Dillard's in that the same were calculated to and did benefit Dillard's through profits made through the sale of its products and services.

35. As a proximate result of Dillard's acts, Plaintiff suffered economic loss.

## COUNT III

### (Fraudulent Inducement)

36. Plaintiff repeats, realleges and incorporates herein by reference paragraphs 5 through 35 as if fully set forth herein.

37. Dillard's made affirmative misrepresentations to Plaintiff and concealed material facts from Plaintiff regarding its racially discriminatory dual pricing structure for services and products.

38. At the time the misrepresentations were made, Dillard's knew that the representations were false, or made or caused to be made such misrepresentations without knowledge of the truth or falsity of such representations.

39. Dillard's made the representations in order to induce Plaintiff to rely on the misrepresentations and omissions. Plaintiff reasonably and justifiably relied on the misrepresentations and omissions.

40. As a direct and proximate result of the Plaintiff's reasonable and justifiable reliance on the affirmative misrepresentations and omitted material facts, Plaintiff has suffered mental anguish and monetary and damages.

## COUNT IV

### (Misrepresentation)

41. Plaintiff repeats, realleges and incorporates herein by reference paragraphs 5 through 40 above as if fully set forth herein.

42. Dillard's made affirmative misrepresentations to Plaintiff as well as concealed material facts from Plaintiff regarding the reasons for the dual pricing of products and services.

43. At the time the misrepresentations were made, Dillard's should have known that the representations were false, or made or caused to be made such representations without knowledge of the truth or falsity of such representations.

44. Dillard's made the misrepresentations in order to induce Plaintiff to rely on the misrepresentations. Plaintiff reasonably and justifiably relied on the misrepresentations and omissions.

45. As a direct and proximate result of Plaintiff's reasonable and justifiable reliance on the affirmative misrepresentations and omitted material facts, Plaintiff has suffered mental anguish and monetary and other damages.

## COUNT V

### (Unjust Enrichment)

46. Plaintiff repeats, realleges and incorporates by reference paragraphs 5 through 45 as if fully set forth herein.

47. Defendant has been unjustly enriched as a result of its discriminatory and illegal activity.

48. Plaintiff has suffered economic loss and mental anguish as a result of Dillard's unjust enrichment.

## COUNT VI

### (Fraudulent Concealment)

49. Plaintiff repeats, realleges and incorporates herein by reference paragraphs 5 through 48 above as if fully set forth herein.

50. Defendant intentionally concealed and suppressed its discriminatory and illegal behavior from the Plaintiff.

51. Plaintiff relied on said suppression and concealment to her detriment.

52. As a direct and proximate consequence of said suppression and concealment, Plaintiff has been injured.

## COUNT VII

### (Declaratory, Injunctive, and Equitable Relief)

53. Plaintiff repeats, realleges and incorporates herein by reference paragraphs 5 through 53 as if fully set forth herein.

54. Plaintiff seeks a declaration that any dual price structure based solely on race for salon services is unconscionable and illegal.

55. Plaintiff seeks injunctive relief enjoining Dillard's from charging different prices for African-Americans for the same salon services offered to similarly situated Caucasian customers.

56. Plaintiff has no adequate remedy at law.

57. Plaintiff seeks disgorgement of profits made by Defendant as a result of this discriminatory and illegal activity.

58. Plaintiff seeks restitution of the illgotten gains received by the Defendant from its discriminatory and illegal actions.

59. Plaintiff seeks the establishment of a constructive trust and an order for the Defendant to disgorge its profits and ill-gotten gains into the constructive trust for the benefit of the Plaintiff.

60. By reason of the foregoing, Plaintiff is entitled to the declaratory and injunctive relief set forth above.

WHEREFORE, Plaintiff demands judgment against Dillard's as follows:

a) Awarding the Plaintiff compensatory and punitive damages in an amount to be proven at trial for the wrongful acts complained of;

b) Awarding Plaintiff her costs and disbursements incurred in connection with this action, including reasonable attorneys' fees, expert witness fees and other costs;

c) Granting extraordinary equitable and/or injunctive relief as permitted by law or equity;

d) Granting the declaratory, injunctive and equitable relief contained in paragraphs 54 through 59;

e) Granting of such other and further relief as the Court deems just and proper.

_____
Patrick C. Cooper

_____
W. Percy Badham III

_____
Robert W. Tapscott, Jr.

MAYNARD, COOPER & GALE, P.C.
2400 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203
Phone: (205) 254-1000
Fax:    (205) 254-1999

Attorneys for the Plaintiff

01137646.1                                10

**PLEASE SERVE DEFENDANT BY CERTIFIED MAIL
AT THE FOLLOWING ADDRESS:**

Dillard's, Inc.
1600 Cantrell Road
Little Rock, AR 72201

01137646.1     11