Case 2:05-cv-00305-TMP Document 3 Filed 03/03/05 Page 1 of 4
Case 7:05-cv-00305-LSC-PSC Document 4 Filed 03/28/05 Page 1 of 14

FILED
2005 Mar-03 PM 01:32
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| DEBBIE DEAVERS STURVISANT )<br>on behalf of herself and others Similarly )<br>Situated )<br>  Plaintiffs, )<br>v. )<br> )<br>DILLARD'S, INC., )<br> )<br>  Defendant. ) | CASE NO. CV-05-TMP-0305-W |

### ANSWER OF DEFENDANT DILLARD'S TO AMENDED COMPLAINT

**COMES NOW** defendant, Dillard's, Inc., and for answer to the Complaint and Amended Complaint filed in this action does hereby states as follows in response to the enumerated paragraphs of the Amended Complaint:

#### I. Jurisdictional Allegations

1. Defendant is without information sufficient to form a belief as to the averments of this paragraph and therefore denies them.

2. Admitted.

3. Defendant admits that it owns and operates retail department stores. Defendant denies that it maintains retail department stores "throughout the United States."

4. Defendant is without information sufficient to form a belief as to the averments of this paragraph and therefore denies them.

5. Defendant admits that the alleged statutes create federal jurisdiction. Defendant denies that it has violated any such statutes.

6. Defendant admits that the Court has supplemental jurisdiction over plaintiff's claims. Defendant denies the validity of such claims.

## II. Nature of the Case

7.  Defendant pleads that the Complaint speaks for itself. Defendant denies the allegations stated in this paragraph.

8.  Defendant denies the allegations of this paragraph and denies that class action status or class action relief is appropriate.

9.  Defendant denies the plaintiff is entitled to the relief requested in this paragraph.

10. Denied.

11. Denied.

12. Denied.

13. Denied.

## III. Factual Allegations

14. Defendant is without information sufficient to admit or deny the allegations of this paragraph.

15. Defendant is without information sufficient to admit or deny the allegations of this paragraph and therefore denies them.

16. Defendant is without information sufficient to admit or deny the allegations of this paragraph and therefore denies them.

17. Defendant is without information sufficient to admit or deny the allegations of this paragraph and therefore denies them.

18. Denied.

19. Defendant denies the averments of this paragraph.

20. Denied.

21. Denied.

22. Defendant denies that it maintains any culture of race discrimination and pleads to the contrary it specifically prohibits race discrimination. As to the remaining averments of this paragraph, defendant denies having engaged in the conduct suggested by plaintiff and states that the bare allegations of the extraneous complaints mentioned speak for themselves. Defendant moves to strike the immaterial and impertinent allegations of Paragraph 22.

### IV. Class Action Allegations

23. Defendant denies that this case is properly brought as a class action under Rule 23 and denies the averments of this paragraph.

24. Denied.

25. Denied.

26. Defendant denies having engaged in the conduct alleged in this paragraph and denies that there is any legitimate basis for the questions posed herein.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Defendant denies that it has engaged in any discrimination and denies that plaintiff is entitled to any of the relief requested in this paragraph.

## COUNT I

**(Racial Discrimination - 42 U.S.C. 1981)**

37. Defendant incorporates its responses to paragraphs 1-36 above.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

## COUNT II

**(Failure to Monitor Actions of Agents and Employees)**

42. Defendant incorporates its responses to paragraphs 1-41 above.

43. Denied.

44. Denied.

45. Defendant admits that it generally has a duty to monitor and supervise the activities of its agents and/or employees in certain aspects. Defendant denies that it failed in any such duty as alleged in the Amended Complaint.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

## COUNT III

**(Fraudulent Inducement)**

51. Defendant incorporates its responses to paragraphs 1-50 above.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

## COUNT IV

### (Misrepresentation)

56. Defendant incorporates its responses to paragraphs 1-55 above.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

## COUNT V

### (Unjust Enrichment)

61. Defendant incorporates its responses to paragraphs 1-60 above.

62. Denied.

63. Denied.

## COUNT VI

### (Fraudulent Concealment)

64. Defendant incorporates its responses to paragraphs 1-63 above.

65. Denied.

66. Denied.

67. Denied.

## COUNT VII

### (Declaratory, Injunctive, and Equitable Relief)

68. Defendant incorporates its responses to paragraphs 1-67 above.

69. Defendant denies that it has maintained any dual price structure based solely on race for salon services and denies the averments of this paragraph.

70. Defendant denies plaintiff is entitled to the relief requested in this paragraph.

71. Denied.

72. Defendant denies plaintiff is entitled to the relief requested in this paragraph.

73. Defendant denies plaintiff is entitled to the relief requested in this paragraph.

74. Defendant denies plaintiff is entitled to the relief requested in this paragraph.

75. Denied.

WHEREFORE, Defendant denies that plaintiff is entitled to any of the relief requested in paragraphs (a) through (f) of the Amended Complaint.

### ADDITIONAL DEFENSES

In further defense, Dillard's states:

### FIRST DEFENSE

Dillard's decisions or actions regarding the services provided to plaintiff were based upon legitimate, nondiscriminatory factors and were not based upon the plaintiff's race.

### SECOND DEFENSE

Plaintiff cannot state a prima facie case of discrimination.

### THIRD DEFENSE

Even if plaintiff could state a prima facie case of racial discrimination, she cannot establish

that Dillard's legitimate, non-discriminatory reasons for its actions were pretext for an intent to discriminate against her on the basis of her race.

## FOURTH DEFENSE

Although Dillard's denies that plaintiff's race was a determinative or substantial motivating factor in regards to the services provided plaintiff, if plaintiff demonstrates that her race was such a factor, in the case of each such decision or alleged adverse action, the same decision would have been reached regardless of the plaintiff's race.

## FIFTH DEFENSE

Dillard's acted in good faith and did not intentionally or purposefully discriminate against the plaintiff on the basis of her race.

## SIXTH DEFENSE

Some or all of Plaintiff's claims may be barred by the applicable period of limitations and the doctrine of laches.

## SEVENTH DEFENSE

Plaintiff is not entitled to compensatory damages because any emotional distress or mental anguish she suffered was caused by occurrences other than conduct for which defendant is liable as a matter of law. Further, no action of Dillard's was the proximate cause of any injury or damages allegedly suffered or incurred by plaintiff.

## EIGHTH DEFENSE

Plaintiff is guilty of negligence that proximately contributed to the injuries alleged in the complaint, including without limitation the alleged injuries to plaintiff based upon the plaintiff's contention that defendant Dillard's negligently monitored its agents.

**NINTH DEFENSE**

The alleged unlawful conduct described in the Amended Complaint, if proven to be true, was outside the line and scope of Dillard's employment and authority, and Dillard's is therefore not liable under *respondeat superior*.

**TENTH DEFENSE**

Plaintiff's complaint, and each count thereof separately and severally, fails to state a claim upon which relief may be granted.

**ELEVENTH DEFENSE**

A negligence claim under Alabama law cannot be based upon conduct that does not constitute a tort under Alabama law.

**TWELFTH DEFENSE**

Plaintiff has failed to mitigate her alleged damages.

**THIRTEENTH DEFENSE**

Punitive damages are not available because the actions alleged in the Complaint were contrary to Dillard's policies and good faith efforts to comply with the laws.

**FOURTEENTH DEFENSE**

Dillard's denies that it acted willfully or maliciously and therefore an award of punitive damages is not appropriate.

**FIFTEENTH DEFENSE**

The plaintiff's compensatory and punitive damage claims under 42 U.S.C. § 1981 should be subject to the limitations imposed by 42 U.S.C. § 1981a.

**SIXTEENTH DEFENSE**

Defendant has not made any material representation sufficient for the plaintiff to reasonably rely upon.

**SEVENTEENTH DEFENSE**

Defendant did not have a present intent to deceive the plaintiff at any time it made representations to the plaintiff

**EIGHTEENTH DEFENSE**

Any alleged misrepresentations made by an agent of the defendant concerning the plaintiff's services were ultra vires.

**NINETEENTH DEFENSE**

To the extent that Plaintiff seeks punitive damages, she ought not recover them because, on their face and/or as applied, punitive damages violate the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States, and various provisions of the Constitution of Alabama, including Article One, Section 6, on the following separate and several grounds and in one or more of the following respects:

(a) It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon the plaintiff satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases.

(b) The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts or wrongdoing which infringes the Due Process and

          Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution.

(c)     The procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award that could be levied against this Defendant, in violation of, *inter alia*, the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

(d)     The procedures pursuant to which punitive damages are awarded result in the imposition of disparate penalties for the same or similar acts and, thus, violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution.

(e)     The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, thereby infringing the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment.

(f)     The procedures pursuant to which punitive damages are awarded permit the imposition of excessive fines in violation of the Eighth Amendment of the United States Constitution.

(g)     An award of punitive damages to the Plaintiff in this case would constitute a deprivation of property without due process of law, in violation of the Fifth and Fourteenth Amendments of the United States Constitution.

(h)     The award of punitive damages would constitute an arbitrary and capricious taking of Defendant's property that is not justified by any rational

governmental purpose.

(i) The imposition of punitive damages would not be pursuant to any reasonable guidelines, standards, or limits and would be without the protections available to those exposed to criminal punishment in criminal proceedings.

(j) The imposition of punitive damages would constitute excessive punishment and would, therefore, be unlawful.

(k) There are no clear and consistent standards for appellate review of any award of punitive damages.

(l) The level of egregious conduct required for the imposition of punitive damages is vague and ambiguous.

### TWENTIETH DEFENSE

Plaintiff's claims for punitive damages in this case are unlawful pursuant to the provisions of § 6-11-20 of the Code of Alabama (1975) in that Dillard's did not consciously or deliberately engage in any oppression, fraud, wantonness, or malice with regard to plaintiff's claims.

### TWENTY-FIRST DEFENSE

Plaintiff consented and acquiesced in the alleged conduct, in whole or in part, that is the basis for her claims.

### TWENTY-SECOND DEFENSE

Plaintiff's claims for punitive damages are subject to the limitations described in Alabama Code § 6-11-1 through § 6-11-29.

### TWENTY-THIRD DEFENSE

The plaintiff's punitive damages claims are subject to the limitations described in State Farm Auto Ins. Co. v. Campbell, 123 S.Ct. 1513 (2003).

**Putative Class Treatment and Defenses to Class Action Treatment and Allegations**

### TWENTY-FOURTH DEFENSE

Plaintiff cannot meet the requirements of Rule 23(a)(1) of the Rules of the F.R.C.P. because she could not show that she represents a class sufficiently numerous to warrant class treatment.

### TWENTY-FIFTH DEFENSE

Plaintiff cannot meet the basic criteria of Rule 23(a)(2) and (3) as she cannot show that there are questions of law or fact common to the members of the class or that her claims are typical of the claims of the putative class.

### TWENTY-SIXTH DEFENSE

Plaintiff cannot satisfy the requirements of Rule 23(a)(4) for class representation because she could not show she will adequately represent and protect the interest of the putative class.

### TWENTY-SEVENTH DEFENSE

Plaintiff cannot prove that any policy or practice of defendant has resulted in a refusal to act in regard to plaintiff and the putative class members on grounds which are generally applicable to all of them so that final injunctive relief with respect to the class as a whole is appropriate.

### TWENTY-EIGHTH DEFENSE

To the extent plaintiff seeks to certify a class pursuant to Rule 23(b)(3), defendant contends that questions of law or fact which are common to class members do not predominate over questions effecting individual members, so that class action treatment is superior to the available methods for the fair and efficient adjudication of the controversy.

**TWENTY-NINTH DEFENSE**

In establishing her claims, plaintiff would be required to show the nature of the services requested or provided to each potential class member, the supposed representations made to each potential class member, and the supposed "mental anguish and monetary and other damages" suffered by each potential class member, which means that any class claim would require an individual case by case adjudication of its merits and this makes the case uniquely inappropriate for class treatment under Rule 23(b)(2) or Rule 23(b)(3). See Allison v. Citgo Petroleum Corp., 151 F.3d 402 (5th Cir. 1998).

**WHEREFORE**, defendant Dillard's respectfully requests that the allegations of the plaintiff's Amended Complaint be forthwith dismissed with prejudice and that it be awarded its costs and fees for defending against this action.

Respectfully submitted,

s/Brian R. Bostick
Timothy A. Palmer (PAL009)
Brian R. Bostick (BOS015)
**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**
One Federal Place
Suite 1000
1819 Fifth Avenue North
Birmingham, AL 35203-3204
(205) 328-1900
brian.bostick@odnss.com

Attorneys for Defendant, Dillard's, Inc.

## CERTIFICATE OF SERVICE

       I hereby certify that on the 3 day of March, 2005, I electronically filed the foregoing Defendant's Answer to Complaint with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Patrick C. Cooper, W. Percy Badham, III, and Robert W. Tapscott, Jr.

                                                                  s/ Brian R. Bostick
                                                                  OGLETREE, DEAKINS, NASH,
                                                                  SMOAK & STEWART, P.C.
                                                                  One Federal Place, Suite 1000
                                                                  1819 Fifth Avenue North
                                                                  Birmingham, Alabama 35203
                                                                  Telephone: (205)328-1900
                                                                  Facsimile: (205)328-6000
                                                                 brian.bostick@odnss.com