FILED
2006 Jan-30 PM 05:21
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### WESTERN DIVISION

| | |
|---|---|
| **DEBBIE DEAVERS STURDIVANT,** ) | |
| **VAUGHAN THOMAS,** ) | |
| **PATRICIA MALLORY,** ) | |
| **ARTIS SMITH, HOLLIS CASEY,** ) | |
| **LESSIE HARRIS, SANDRA MOODY,** ) | |
| **and VANESSA JONES** ) | |
| on behalf of herself and others Similarly ) | |
| Situated, ) | |
| ) | |
| Plaintiffs, ) | |
| v. ) | **CASE NO. CV-05-TMP-0305-W** |
| ) | |
| **DILLARD'S, INC.,** ) | |
| ) | |
| Defendant. ) | |

## ANSWER OF DEFENDANT DILLARD'S TO THIRD AMENDED COMPLAINT

**COMES NOW** defendant Dillard's, Inc. ("Dillard's"), and for answer to the Third Amended Complaint filed in this action does hereby states as follows in response to the enumerated paragraphs of the Third Amended Complaint:

### I. Jurisdictional Allegations

1. Defendant is without information sufficient to form a belief as to the averments of this paragraph and therefore denies them.

2. Defendant is without information sufficient to form a belief as to the averments of this paragraph and therefore denies them.

3. Defendant is without information sufficient to form a belief as to the averments of this paragraph and therefore denies them.

4. Defendant is without information sufficient to form a belief as to the averments of this paragraph and therefore denies them.

5.  Defendant is without information sufficient to form a belief as to the averments of this paragraph and therefore denies them.

6.  Defendant is without information sufficient to form a belief as to the averments of this paragraph and therefore denies them.

7.  Defendant is without information sufficient to form a belief as to the averments of this paragraph and therefore denies them.

8.  Defendant is without information sufficient to form a belief as to the averments of this paragraph and therefore denies them.

9.  Admitted.

10. Dillard's admits that J. Bacon & Sons is a Kentucky corporation that was once owned by Mercantile and was acquired by Dillard's as an indirect subsidiary in 1998. Dillard's admits that this entity has and continues to operate salons doing business as "Dillard's." Defendant denies that this entity has operated or continues to operate salons within this state. Defendant denies the remaining allegations of this Paragraph.

11. Dillard's admits that The Castner-Knott Dry Goods Company is a Tennessee corporation that was once owned by Mercantile and was acquired by Dillard's as an indirect subsidiary in 1998. Dillard's admits that this entity has and continues to operate salons doing business as "Dillard's" within this state. Dillard's denies the remaining allegations of this Paragraph.

12. Dillard's admits that C. J. Gayfer & Company is a Delaware corporation that was once owned by Mercantile and was acquired by Dillard's as an indirect subsidiary in 1998. Dillard's admits that this entity has and continues to operate salons doing business as "Dillard's" within this state. Dillard's denies the remaining allegations of this Paragraph.

13. Dillard's admits that Gayfer's Montgomery Fair Co. is a Delaware corporation that was once

owned by Mercantile and was acquired by Dillard's as an indirect subsidiary in 1998. Dillard's admits that this entity has and continues to operate salons doing business as "Dillard's" within this state. Dillard's denies the remaining allegations of this Paragraph.

14. Dillard's admits that J.B. White & Company is a South Carolina corporation that was once owned by Mercantile and was acquired by Dillard's as an indirect subsidiary in 1998. Dillard's admits that this entity has and continues to operate salons doing business as "Dillard's." Defendant denies that this entity has operated or continues to operate salons within this state. Defendant denies the remaining allegations of this Paragraph.

15. Dillard's admits that The McAlpin Company is a Kentucky corporation that was once owned by Mercantile and was acquired by Dillard's as an indirect subsidiary in 1998. Dillard's admits that this entity has and continues to operate salons doing business as "Dillard's." Defendant denies that this entity has operated or continues to operate salons within this state. Defendant denies the remaining allegations of this Paragraph.

16. Dillard's admits that Mercantile Stores Co., Inc. is a Delaware corporation that was once owned by Mercantile and was acquired by Dillard's as a subsidiary in 1998. Dillard's denies the remaining allegations of this Paragraph.

17. Dillard's admits that Mercantile Kansas City, Inc. is a Delaware corporation that was once owned by Mercantile and was acquired by Dillard's as a subsidiary in 1998. Dillard's denies the remaining allegations of this Paragraph.

18. Defendant admits that it owns and operates retail department stores. Defendant denies that it maintains retail department stores "throughout the United States."

19. Defendant is without information sufficient to form a belief as to the averments of this paragraph and therefore denies them.

20. Defendant is without information sufficient to form a belief as to the averments of this paragraph and therefore denies them.

21. Defendant is without information sufficient to form a belief as to the averments of this paragraph and therefore denies them.

22. Defendant admits that the alleged statutes create federal jurisdiction. Defendant denies that it has violated any such statutes.

23. Defendant admits that the Court has supplemental jurisdiction over plaintiffs' claims. Defendant denies the validity of such claims.

## II. Nature of the Case

24. Defendant pleads that the Complaint speaks for itself. Defendant denies the allegations stated in this paragraph.

25. Defendant denies the allegations of this paragraph and denies that class action status or class action relief is appropriate.

26. Defendant denies the plaintiffs are entitled to the relief requested in this paragraph. Defendant denies the remaining allegations of this Paragraph.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

## III. Factual Allegations

31. Defendant is without information sufficient to admit or deny the allegations of this paragraph and therefore denies them.

32. Defendant is without information sufficient to admit or deny the allegations of this paragraph

and therefore denies them.

33. Denied.

34. Denied.

35. Defendant is without information sufficient to admit or deny the allegations of this paragraph and therefore denies them.

36. Defendant is without information sufficient to admit or deny the allegations of this paragraph and therefore denies them.

37. Denied.

38. Denied.

39. Defendant is without information sufficient to admit or deny the allegations of this paragraph and therefore denies them.

40. Defendant is without information sufficient to admit or deny the allegations of this paragraph and therefore denies them.

41. Denied.

42. Denied.

43. Defendant is without information sufficient to admit or deny the allegations of this paragraph and therefore denies them.

44. Defendant is without information sufficient to admit or deny the allegations of this paragraph and therefore denies them.

45. Denied.

46. Denied.

47. Defendant is without information sufficient to admit or deny the allegations of this paragraph and therefore denies them.

48. Defendant is without information sufficient to admit or deny the allegations of this paragraph and therefore denies them.

49. Denied.

50. Denied.

51. Defendant is without information sufficient to admit or deny the allegations of this paragraph and therefore denies them.

52. Defendant is without information sufficient to admit or deny the allegations of this paragraph and therefore denies them.

53. Denied.

54. Denied.

55. Defendant is without information sufficient to admit or deny the allegations of this paragraph and therefore denies them.

56. Defendant is without information sufficient to admit or deny the allegations of this paragraph and therefore denies them.

57. Denied.

58. Denied.

59. Defendant is without information sufficient to admit or deny the allegations of this paragraph and therefore denies them.

60. Defendant is without information sufficient to admit or deny the allegations of this paragraph and therefore denies them.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

67. Defendant denies that it maintains any culture of race discrimination and pleads to the contrary it specifically prohibits race discrimination. As to the remaining averments of this paragraph, defendant denies having engaged in the conduct suggested by plaintiffs and states that the bare allegations of the extraneous complaints mentioned speak for themselves. Defendant moves to strike the immaterial and impertinent allegations of Paragraph 67.

### IV. Class Action Allegations

68. Defendant denies that this case is properly brought as a class action under Rule 23 and denies the averments of this paragraph.

69. Denied.

70. Denied.

71. Defendant denies having engaged in the conduct alleged in this paragraph and denies that there is any legitimate basis for the questions posed herein. Defendant denies the remaining allegations of this Paragraph.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

80. Denied.

81. Defendant denies that it has engaged in any discrimination and denies that plaintiffs are entitled to any of the relief requested in this paragraph.

## COUNT I

### (Racial Discrimination - 42 U.S.C. 1981)

82. Defendant incorporates its responses to paragraphs 24-81 above.

83. Denied.

84. Denied.

85. Denied.

86. Denied.

## COUNT II

### (Failure to Monitor Actions of Agents and Employees)

87. Defendant incorporates its responses to paragraphs 24-86 above.

88. Denied.

89. Denied.

90. Defendant admits that it generally has a duty to monitor and supervise the activities of its agents and/or employees in certain aspects. Defendant denies that it failed in any such duty as alleged in the Third Amended Complaint.

91. Denied.

92. Denied.

93. Denied.

94. Denied.

95. Denied.

## COUNT III

### (Fraudulent Inducement)

96. Defendant incorporates its responses to paragraphs 24-95 above.

97. Denied.

98. Denied.

99. Denied.

100. Denied.

## COUNT IV

### (Misrepresentation)

101. Defendant incorporates its responses to paragraphs 24-100 above.

102. Denied.

103. Denied.

104. Denied.

105. Denied.

## COUNT V

### (Unjust Enrichment)

106. Defendant incorporates its responses to paragraphs 17-97 above.

107. Denied.

108. Denied.

## COUNT VI

### (Fraudulent Concealment)

109. Defendant incorporates its responses to paragraphs 24-108 above.

110. Denied.

111. Denied.

112. Denied.

## COUNT VII

### (Declaratory, Injunctive, and Equitable Relief)

113. Defendant incorporates its responses to paragraphs 24-112 above.

114. Defendant denies that it has maintained any dual price structure based solely on race for salon services and denies the averments of this paragraph.

115. Defendant denies plaintiffs are entitled to the relief requested in this paragraph.

116. Denied.

117. Defendant denies plaintiffs are entitled to the relief requested in this paragraph.

118. Defendant denies plaintiffs are entitled to the relief requested in this paragraph.

119. Defendant denies plaintiffs are entitled to the relief requested in this paragraph.

120. Denied.

WHEREFORE, Defendant denies that plaintiffs are entitled to any of the relief requested in paragraphs (a) through (f) of the Third Amended Complaint.

## ADDITIONAL DEFENSES

In further defense, Dillard's states:

### FIRST DEFENSE

Dillard's decisions or actions regarding the services provided to plaintiffs were based upon

legitimate, nondiscriminatory factors and were not based upon the plaintiffs' race.

## SECOND DEFENSE

Plaintiffs cannot state a prima facie case of discrimination.

## THIRD DEFENSE

Even if plaintiffs could state a prima facie case of racial discrimination, they cannot establish that Dillard's legitimate, non-discriminatory reasons for its actions were pretext for an intent to discriminate against them on the basis of their race.

## FOURTH DEFENSE

Although Dillard's denies that plaintiffs' race was a determinative or substantial motivating factor in regards to the services provided to plaintiffs, if plaintiffs demonstrate that their race was such a factor, in the case of each such decision or alleged adverse action, the same decision would have been reached regardless of the plaintiffs' race.

## FIFTH DEFENSE

Dillard's acted in good faith and did not intentionally or purposefully discriminate against the plaintiffs on the basis of their race.

## SIXTH DEFENSE

Some or all of Plaintiffs' claims may be barred by the applicable period of limitations and/or the doctrine of laches.

## SEVENTH DEFENSE

Plaintiffs are not entitled to compensatory damages because any emotional distress or mental anguish they suffered was caused by occurrences other than conduct for which defendant is liable as a matter of law. Further, no action of Dillard's was the proximate cause of any injury or damages allegedly suffered or incurred by plaintiffs.

**EIGHTH DEFENSE**

Plaintiffs are guilty of negligence that proximately contributed to the injuries alleged in the complaint, including without limitation the alleged injuries to plaintiffs based upon the plaintiffs' contention that defendant Dillard's negligently monitored its agents.

**NINTH DEFENSE**

The alleged unlawful conduct described in the Third Amended Complaint, if proven to be true, was outside the line and scope of Dillard's employment and authority, and Dillard's is therefore not liable under *respondeat superior*.

**TENTH DEFENSE**

Plaintiffs' complaint, and each count thereof separately and severally, fails to state a claim upon which relief may be granted.

**ELEVENTH DEFENSE**

A negligence claim under Alabama law cannot be based upon conduct that does not constitute a tort under Alabama law.

**TWELFTH DEFENSE**

Plaintiffs have failed to mitigate their alleged damages.

**THIRTEENTH DEFENSE**

Punitive damages are not available because the actions alleged in the Third Amended Complaint were contrary to Dillard's policies and good faith efforts to comply with the laws.

**FOURTEENTH DEFENSE**

Dillard's denies that it acted willfully or maliciously and therefore an award of punitive damages is not appropriate.

## FIFTEENTH DEFENSE

The plaintiffs' compensatory and punitive damage claims under 42 U.S.C. § 1981 should be subject to the limitations imposed by 42 U.S.C. § 1981a.

## SIXTEENTH DEFENSE

Defendant has not made any material representation sufficient for the plaintiffs to reasonably rely upon.

## SEVENTEENTH DEFENSE

Defendant did not have a present intent to deceive the plaintiffs at any time it made representations to the plaintiffs.

## EIGHTEENTH DEFENSE

Any alleged misrepresentations made by an agent of the defendant concerning the plaintiffs' services were ultra vires.

## NINETEENTH DEFENSE

To the extent that Plaintiffs seek punitive damages, they ought not recover them because, on their face and/or as applied, punitive damages violate the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States, and various provisions of the Constitution of Alabama, including Article One, Section 6, on the following separate and several grounds and in one or more of the following respects:

(a)  It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon the plaintiff satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases.

(b)  The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts or wrongdoing which infringes the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution.

(c)  The procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award that could be levied against this Defendant, in violation of, *inter alia*, the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

(d)  The procedures pursuant to which punitive damages are awarded result in the imposition of disparate penalties for the same or similar acts and, thus, violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution.

(e)  The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, thereby infringing the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment.

(f)  The procedures pursuant to which punitive damages are awarded permit the imposition of excessive fines in violation of the Eighth Amendment of the United States Constitution.

(g)  An award of punitive damages to the Plaintiff in this case would constitute a deprivation of property without due process of law, in violation of the Fifth

and Fourteenth Amendments of the United States Constitution.

(h) The award of punitive damages would constitute an arbitrary and capricious taking of Defendant's property that is not justified by any rational governmental purpose.

(I) The imposition of punitive damages would not be pursuant to any reasonable guidelines, standards, or limits and would be without the protections available to those exposed to criminal punishment in criminal proceedings.

(j) The imposition of punitive damages would constitute excessive punishment and would, therefore, be unlawful.

(k) There are no clear and consistent standards for appellate review of any award of punitive damages.

(l) The level of egregious conduct required for the imposition of punitive damages is vague and ambiguous.

**TWENTIETH DEFENSE**

Plaintiffs' claims for punitive damages in this case are unlawful pursuant to the provisions of § 6-11-20 of the Code of Alabama (1975) in that Dillard's did not consciously or deliberately engage in any oppression, fraud, wantonness, or malice with regard to plaintiffs' claims.

**TWENTY-FIRST DEFENSE**

Plaintiffs consented and acquiesced in the alleged conduct, in whole or in part, that is the basis for their claims.

**TWENTY-SECOND DEFENSE**

Plaintiffs' claims for punitive damages are subject to the limitations described in Alabama Code § 6-11-1 through § 6-11-29.

**TWENTY-THIRD DEFENSE**

The plaintiffs' punitive damages claims are subject to the limitations described in State Farm Auto Ins. Co. v. Campbell, 123 S.Ct. 1513 (2003).

**TWENTY-FOURTH DEFENSE**

Plaintiffs' claims are bared because they lack contractual privity.

**TWENTY-FIFTH DEFENSE**

Plaintiffs' claims must fail because they have failed to join an indispensable party.

**TWENTY-SIXTH DEFENSE**

Plaintiffs' claims must fail because they have ratified any wrongful actions or contractual breach through their actions.

**TWENTY-SEVENTH DEFENSE**

Dillard's statements cannot serve as a basis for any fraud based claim because their statements were true.

**TWENTY-EIGHTH DEFENSE**

Plaintiffs' claims are bared because they have unclean hands.

**TWENTY-NINTH DEFENSE**

Plaintiffs' claims are barred by the application of the doctrine of waiver or estoppel.

**Putative Class Treatment and Defenses to Class Action Treatment and Allegations**

**THIRTIETH DEFENSE**

Plaintiffs cannot meet the requirements of Rule 23(a)(1) of the Rules of the F.R.C.P. because they could not show that they represent a class sufficiently numerous to warrant class treatment.

**THIRTY-FIRST DEFENSE**

Plaintiffs cannot meet the basic criteria of Rule 23(a)(2) and (3) as they cannot show that there are questions of law or fact common to the members of the class or that their claims are typical of the claims of the putative class.

**THIRTY-SECOND DEFENSE**

Plaintiffs cannot satisfy the requirements of Rule 23(a)(4) for class representation because they could not show they will adequately represent and protect the interest of the putative class.

**THIRTY-THIRD DEFENSE**

Plaintiffs cannot prove that any policy or practice of defendant has resulted in a refusal to act in regard to plaintiffs and the putative class members on grounds which are generally applicable to all of them so that final injunctive relief with respect to the class as a whole is appropriate.

**THIRTY-FOURTH DEFENSE**

To the extent plaintiffs seek to certify a class pursuant to Rule 23(b)(3), defendant contends that questions of law or fact which are common to class members do not predominate over questions effecting individual members, so that class action treatment is superior to the available methods for the fair and efficient adjudication of the controversy.

**THIRTY-FIFTH DEFENSE**

In establishing their claims, plaintiffs would be required to show the nature of the services requested or provided to each potential class member, the supposed representations made to each potential class member, and the supposed "mental anguish and monetary and other damages" suffered by each potential class member, which means that any class claim would require an individual case by case adjudication of its merits and this makes the case uniquely inappropriate

for class treatment under Rule 23(b)(2) or Rule 23(b)(3).  See Allison v. Citgo Petroleum Corp., 151 F.3d 402 (5th Cir. 1998).

### THIRTY-SIXTH DEFENSE

The claims of plaintiff Vaughn Thomas are barred pursuant to the operation of Rule 41 of the Federal Rules of Civil Procedure.  Thomas has twice dismissed her claims without prejudice, and  the second dismissal constituted an adjudication on the merits.

**WHEREFORE**, defendant Dillard's respectfully requests that the allegations of the plaintiffs' Third Amended Complaint be forthwith dismissed with prejudice and that it be awarded its costs and fees for defending against this action.

Respectfully submitted,

s/Brian R. Bostick
Timothy A. Palmer (PAL009)
Brian R. Bostick (BOS015)
**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**
One Federal Place
Suite 1000
1819 Fifth Avenue North
Birmingham, AL 35203-3204
(205) 328-1900
brian.bostick@odnss.com

Attorneys for Defendant, Dillard's, Inc.

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 30th day of January, 2006, I electronically filed the foregoing Defendant's Answer to Complaint with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Patrick C. Cooper, W. Percy Badham, III, and Robert W. Tapscott, Jr.

      s/ Brian R. Bostick
      OGLETREE, DEAKINS, NASH,
      SMOAK & STEWART, P.C.
      One Federal Place, Suite 1000
      1819 Fifth Avenue North
      Birmingham, Alabama 35203
      Telephone: (205)328-1900
      Facsimile: (205)328-6000
      brian.bostick@odnss.com