Case 2:07-cv-01003-MEF-CSC   Document 8   Filed 10/31/2007   Page 1 of 3

Case 7:05-cv-00305-TMP   Document 128   Filed 10/31/2007   Page 1 of 3

FILED
2007 Oct-31 AM 08:59
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| DEBBIE DEAVERS STURDIVANT, *et al.*, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) Case No. 7:05-cv-305-TMP |
| DILLARD'S, INC., *et al.*, | ) ) ) |
| Defendants. | ) |

A TRUE COPY
SHARON N. HARRIS, CLERK
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA

BY: _____
DEPUTY CLERK

## ORDER OF SEVERANCE AND TRANSFER

In the court's Memorandum Opinion and Order entered September 27, 2007, the court gave the parties until October 15, 2007, to object to or comment on the court's proposal to sever the claims of plaintiffs Vaughn Thomas, Hollis Casey, Vanessa Jones, and Patricia Mallory (the "Montgomery plaintiffs") from those of plaintiff Sandra Moody, and to transfer the claims of the four "Montgomery plaintiffs" to the United States District Court for the Middle District of Alabama for trial. Although defendant Dillard's agrees with the proposal, plaintiffs have objected, arguing that severance and transfer of the "Montgomery plaintiffs" would be inefficient and inconvenient.

The court remains persuaded that the fairest and most efficient process for resolution of these remaining claims is to sever those of the "Montgomery plaintiffs" and to transfer them to the Middle District for trial. There are several considerations underlying this conclusion. First, it seems apparent that the court will be required to sever the claims of the "Montgomery plaintiffs" from those of plaintiff Moody for purposes of trial whether or not the trial is conducted in this district or not. Although this case started as a purported class action, it now is nothing more than a collection of

claims of discriminatory treatment by individual patrons of Dillard's salons. Moody alleges discriminatory treatment at the Dillard's salon in Huntsville, while the "Montgomery plaintiffs" complain of discriminatory treatment at the Eastdale in Montgomery. Other than the fact that both involved Dillard's salons, there are no common facts, transactions, or series of transactions linking the two. Even under the liberal joinder provisions of Rule 20, permissive joinder requires two elements: (1) a joint or alternative right to relief against the defendants arising from the same transaction or "series of transactions," and (2) common questions of fact or law. While there may be common questions of fact or law among these claims, there is no joint, several, or alternative right to relief common to the plaintiffs arising out of the same transaction or series of transactions. Each plaintiff separately sought and received salon services in wholly distinct transactions, at different times and places, and from different Dillard's employees. Thus, once the Rule 23 class aspects disappeared, the joinder of all of these separate claims of discrimination appears to be questionable.

Second, the claims of the "Montgomery plaintiffs" are clearly properly tried in the Middle District. The plaintiffs reside there, the events complained of occurred there, and many of the witnesses with knowledge of the events reside there. Indeed, except for the fact that plaintiffs' lawyers are located in Birmingham, there appears to be little or no connection between their claims and this district. The Middle District is simply the most convenient forum for resolving the "Montgomery plaintiffs'" claims.

Third, a comparison of the "Montgomery plaintiffs'" claims and those of plaintiff Moody reveals little in common to warrant a joint trial. In all likelihood, evidence of discriminatory pricing at the Montgomery Eastdale Mall will not be admissible with respect to the claim of discrimination

at the Huntsville mall.[1] Because these claims must be tried separately, nothing is lost in transferring the "Montgomery plaintiffs'" claims to the Middle District. Two trials can be accomplished as efficiently in two districts as two trials in a single district.

For these reasons, the court finds that the severance and transfer of the "Montgomery plaintiffs'" claims is the fairest way to bring about a timely and efficient resolution of all claims. Accordingly, it is hereby ORDERED that the claims of plaintiffs Vaughn Thomas, Hollis Casey, Vanessa Jones, and Patricia Mallory are SEVERED and TRANSFERRED to the United States District Court for the Middle District of Alabama. The claims of plaintiff Sandra Moody shall remain in this court and shall be set for trial in the Northeastern (Huntsville) Division of the Northern District.

The Clerk is DIRECTED to forward a copy of the case file to the Middle District for further proceedings in that court.

DONE this 30th day of October, 2007.

T. MICHAEL PUTNAM
U.S. MAGISTRATE JUDGE

---

[1] The court does mean to imply that a decision on this evidentiary question has been made, only that the likelihood of admissibility seems slight. The court will remain open, however, to evidentiary arguments at the time of trial.